UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT GREEN, as Trustee of the GREEN CHILDREN'S TRUST, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-2141-B |
| COORD, LLC, f/k/a HEALTH: ELT, LLC, | § § § § | |
| Defendant. | § § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Entry of Default Judgment (Doc. 6), filed by Plaintiff Robert Green, as Trustee of the Green Children's Trust. Plaintiff seeks default judgment on his claim for breach of a promissory note brought against Defendant Coord LLC, formerly known as Health: ELT, LLC. For the reasons that follow, the Court **ENTERS an ORDER OF DEFAULT JUDGMENT** against Defendant. Further, the Court **GRANTS in part** and **DENIES in part** Plaintiff's request for damages.

## I.

## BACKGROUND[1]

This case involves Defendant's breach of a promissory note (hereinafter the "Note") and Plaintiff's inability to collect the amount owed. Plaintiff purchased the Note on behalf of the Trust

---

[1] Because Defendant has failed to answer, the Court accepts as true the well-pleaded allegations of facts in the Complaint (Doc. 1). *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

- 1 -

on August 11, 2017, pursuant to a Note Purchase Agreement. Doc. 13, Am. Compl., ¶ 4. ; *see* Doc. 1-3, Note Purchase Agreement. The promissory note was in the amount of $300,000.00, bore an interest rate of 8% per annum, required quarterly interest payments, and was entirely due and payable by August 10, 2019. Doc. 13, Am. Compl., ¶ 5; Doc. 1-4, Promissory Note, ¶¶ 1–2, 3(b). Despite its obligation, Defendant only made two payments of $6,000.00 each in January and April of 2018 for the quarterly interest payments. Doc. 6, Decl. of Robert Green, 1. Thereafter, in accordance with the terms of the Note Purchase Agreement, Plaintiff delivered a notice of default letter to Defendant on July 24, 2018, advising it of its default, declaring the full principal amount and accumulated interest due, and demanding full payment by August 1, 2018. Doc. 13, Am. Compl., ¶ 6. Defendant never responded to Plaintiff's letter. Doc. 6, Decl. of Robert Green, 2.

Due to Defendant's breach of its obligations under the Note, on August 15, 2018, Plaintiff filed suit against Defendant alleging the breach of the Note. Doc. 1, Compl., ¶ 4. Defendant was served with process on August 21, 2018, but did not answer or otherwise respond by the appropriate deadline. *See* Doc. 5, Return of Service. Accordingly, Plaintiff requested an entry of default as to Defendant on September 25, 2018, Doc. 8, Request for Clerk to Issue Entry of Default, which the Clerk of Court entered the same day. Doc. 9, Clerk's Entry of Default. On September 21, 2018, Plaintiff filed the present Motion for Default Judgment against Defendant requesting that the Court enter a default judgment in the amount of $300,000, plus prejudgment interest of $14,628.75 as of September 20, 2018, plus post-judgment interest at the applicable federal rate, and attorney's fees of $5,000.00 Doc. 6, Mot. for Entry of Default J., 2.

On October 15, 2018, in an abundance of caution, the Court issued a Show Cause Order

directed at Plaintiff requesting that he further brief the Court on the Court's purported diversity jurisdiction over this case. *See* Doc. 10, Order. Plaintiff promptly responded to the Order and filed its Amended Complaint properly alleging the citizenship of the parties and satisfied his burden in showing that complete diversity exists. *See* Doc. 11, Mot. for Leave to File Am. Compl., 1; Doc. 13, Am. Compl. ¶ 3. Furthermore, to date, Defendant has not made an appearance in this case or responded to this Motion and the time to respond has passed. Therefore, this case is properly before this Court and this Motion is ripe for the Court's review.

## II.

## LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff. Fed. R. Civ. P. 55(a)–(b). That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. First, courts consider whether the entry of default judgment is procedurally

warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include:

> [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."). In doing so, courts are to assume that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

### III.

### ANALYSIS

A.  *Whether the Entry of Default Judgment Is Appropriate*

After reviewing Plaintiff's Motion in light of the six *Lindsey* factors, the Court determines that

default judgment is procedurally warranted. First, Defendant has not filed any responsive pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact."). Indeed, Defendant's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). In addition, there is no evidence before the Court to indicate that Defendant's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Moreover, Defendant's failure to respond to Plaintiff's Complaint for over two months "mitigat[es] the harshness of a default judgment." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013); *see also Elite v. KNR Group*, 216 F.3d 1080 (Table), 2000 WL 729378, at *1 (5th Cir. May 19, 2000) (per curiam) (holding default judgment to be inappropriate where defendant sent letter to court explaining that failure to appear was due to financial privation). Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendant. Therefore, the Court concludes that default judgment is procedurally warranted.

B.    *Whether There Is a Sufficient Basis for Judgment in the Pleadings*

The Court finds that there is also sufficient factual support in Plaintiff's Amended Complaint to enter default judgment in his favor on the claim that Defendant failed to pay the Note. In light of the entry of default, Defendant is deemed to have admitted the allegations set forth in Plaintiff's Amended Complaint. Nonetheless, the Court must review the pleadings to determine whether they

present a sufficient basis for Plaintiff's claim for relief. *Nishimatsu Constr.*, 515 F.2d at 1206.

"A promissory note is a contract evincing an obligation to pay money." *DeClaire v. G & B Mcintosh Family Ltd. P'ship,* 260 S.W.3d 34, 44 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Under Texas law, "[t]o recover for a debt due and owing under a promissory note, a party must establish that it is the legal holder of an existing note, the debtor's execution of the note, and that an outstanding balance is due and owing." *Austin v. Countrywide Homes Loans,* 261 S.W.3d 68, 72 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).

The terms of the Note unambiguously grant to the Green Children's Trust a promise to pay $300,000. Doc. 1-4, Promissory Note, 1. Furthermore, the Note was fully executed and signed by the debtor Defendant and by the Trustee on behalf of the Trust. *Id.* at 5. Following the execution of the Note, Defendant only made two payments of $6,000.00 each in January and April of 2018 towards interest owed but failed to make the July quarterly interest payment. Doc. 6, Decl. of Robert Green, 1. Having a fully executed Note and witrh Defendant in default under the Note, on July 24, 2018, Plaintiff sent a Notice of Default to Defendant that complied with the Note Purchase Agreement advising it of its default, declaring the full principal amount and accumulated interest due, and demanding full payment by August 1, 2018. Doc. 13, Am. Compl., ¶ 6; Doc. 1-5, Notice of Default. Defendant never responded to Plaintiff's letter and has yet to pay to the amount due on the Note. Doc. 6, Decl. of Robert Green, 2. Thus, this Court finds that there is a sufficient basis in the pleadings to support a default judgment against Defendants under the Note and Note Purchase Agreement. Plaintiff's Complaint is well-pleaded, and default judgment is appropriate.

C.   *Damages*

"A defendant's default concedes the truth of the allegations of the Complaint concerning the

defendant's liability, but not damages." *Ins. Co. of the W.*, 2011 WL 4738197, at *4 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524–25 (5th Cir. 2002)). Damages must be proven by a hearing or a demonstration of detailed affidavits establishing the necessary facts. *See United Artists Corp.*, 605 F.2d at 857. If the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James*, 6 F.3d at 310.

Plaintiff requests: (1) the principal amount of the Note plus prejudgment interest under the Note; (2) post-judgment interest at the applicable federal rate; and (3) attorney's fees. The Court considers each of Plaintiff's monetary requests in turn.

### 1. Unpaid Principal & Pre-Judgment Interest on the Note

Plaintiff has provided enough evidence to substantiate the amount owed on the Note to allow this Court to use "mathematical calculation by reference to the pleadings and supporting documents" to arrive at a specific figure. *James*, 6 F.3d at 310.

Specifically, Plaintiff has documented the amount of principal on the note—$300,000—and that the Note was subject to an interest rate of 8% per year. Doc. 1-4, Promissory Note, 1. Further, Plaintiff concedes that Defendant made the first two quarterly interest payments for $6,000 each. Doc. 6, Decl. of Robert Green, 1. Plaintiff calculated the amount owed on the Note as:

> Principal of $300,000 + the Prejudgment Interest of $26,628.75 (405 days—calculated from the date the Note was executed on 8/11/17 till the date of the Motion on 9/20/18—multiplied by a rate of $65.75 per diem, which is based on the principal amount of $300,000 multiplied by 8% interest then divided by 365 days in a year) – the $12,000 in interest paid = $314,628.75

Doc. 6, Decl. of Robert Green, 2.[2] The Court agrees with Plaintiff's calculation. Defendant is

---

[2] Plaintiff states in his briefing, and the evidence supports the amount of pre-judgment interest through September 20, 2018, of $14,628.75. However, the date of this Order and corresponding Judgment

therefore liable to Plaintiff for breach of the Note, and the Court **GRANTS** to Plaintiff the amount of $300,000 principal of the Note, plus pre-judgement interest of $16,798.50.

2. Post-Judgment Interest

The Court also considers Plaintiff's request for post-judgment interest at the statutorily determined rate. Doc. 6, Mot. for Entry of Default J., 2. "Interest shall be allowed on any money judgment in a civil case recovered in district court." 28 U.S.C. § 1961(a). Simply put, district courts do not have the discretion to deny post-judgment interest on monetary judgments. *Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 855 (S.D. Tex. 2017)(citing *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010)). Thus, post-judgment interest "shall be calculated from the date of the entry of judgment, at rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve system, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Therefore, the Court **GRANTS** Plaintiff's request for post-judgment interest on all damages awarded herein, at the statutory rate,[3] from the entry of this Final Default Judgment until paid.

3. Attorney's Fees

Additionally, Plaintiff requests attorney's fees of $5,000.00 pursuant to Texas Civil Practice & Remedies Code 38.001(8) for the cost of prosecuting the claim for breach of the Note. Doc. 6, Mot. for Entry of Default J., 2. A prevailing party in a civil action may recover attorney's fees from

---

is October 23, 2018 (33 days later). Thus, additional pre-judgment interest under the Note has accrued in the amount of $2,169.75 at the rate of $65.75 per day. *See Crop Prod. Servs., Inc. v. Clevenger*, 2016 WL 9527982, at *2 n.1 (N.D. Tex. Aug. 16, 2016).

[3] The post-judgment interest rate may be found at: *Post Judgment Interest Rates*, U.S. DIST. CT. N. DIST. TEX., http://www.txnd.uscourts.gov/post-judgment-rates.

a corporation in a claim for a written contract. Tex. Civ. Prac. & Rem. Code § 38.001(8); *see also* Fed. R. Civ. P. 54(d)(2). Plaintiff relies on the Declaration of his attorney, Ernest Leonard, to support his request for $5,000 in attorney's fees. Doc. 6, Decl. of Ernest Leonard. However, Plaintiff's request is problematic because Plaintiff does not provide any documentation in support of his request. Specifically, Plaintiff does not include billing records from his attorney nor any other evidence of attorney's fees incurred in pursuing this claim. *C.f. Fazeli v. Saleh*, No. 3:16-CV-749-B, 2018 WL 4539093, at *6 (N.D. Tex. Sept. 21, 2018) (plaintiff provided a declaration of his attorney and billing records of his law firm in support of his request for attorney's fees). As a result, the Court has no basis by which to analyze and determine an award of reasonable attorney's fees. Therefore, the Court **DENIES** Plaintiff's request for reasonable attorney's fees absent any supporting documents.

## IV.

## CONCLUSION

For the reasons discussed above, the Court **ENTERS an ORDER OF DEFAULT JUDGMENT** against Defendant. However, the Court **GRANTS in part** and **DENIES in part** Plaintiff's request for damages. In particular, the Court **GRANTS** damages in favor of Plaintiff against Defendant in the amount of $300,000 owed for the Note principal; plus pre-judgement interest of $16,798.50 through the date of this Order; and post-judgment interest on the total amount of damages ($316,798.50) at the applicable federal rate from the date of entry of this Judgment until paid.

However, the Court **DENIES without prejudice** Plaintiff's request for attorney's fees. Plaintiff may supplement the record as addressed above no later than **30 DAYS** from the date of this Order. Plaintiff should include along with its supplemental briefing any and all attorney declarations,

billing records, or other evidence that he may have to substantiate the amount of attorney's fees incurred in pursuing this claim or Plaintiff may provide an affidavit explaining why he is unable to supply the requested documents. Failure to supplement by the above-listed date may result in the remainder of Plaintiff's claims being dismissed.

**SO ORDERED.**

**SIGNED: October 23, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE